[720 NYS2d 792]

In the Matter of JOHN F. CORRIGAN, an Attorney, Resignor.

Second Department, February 13, 2001

### APPEARANCES OF COUNSEL

*Harvey B. Besunder,* Hauppauge, for resignor.

*Grace D. Moran,* Syosset (*Stacey J. Sharpelletti* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

John F. Corrigan has submitted an affidavit, dated November 9, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Corrigan was admitted to the practice of law at a term of the Appellate Divi-

sion of the Supreme Court in the First Judicial Department on February 25, 1974.

In his affidavit, Mr. Corrigan acknowledges that the Grievance Committee has adduced evidence of his professional misconduct and that the Grievance Committee would seek authorization to prosecute those charges in a grievance proceeding. Mr. Corrigan admits that he received a check for $63,265.56, in or about mid-August 1999, as a Referee in a foreclosure sale. Before those funds were paid over to the attorney for the second mortgagee on or about November 16, 1999, Mr. Corrigan failed to properly deposit, maintain, and preserve them in a special, segregated account.

In or about mid-August 1999, Mr. Corrigan received a $5,000 check for settlement proceeds of a collection action in which he represented the creditor. After depositing the check into his escrow account on or about August 19, 1999, Mr. Corrigan failed to turn over the money owed to the client after deduction of the agreed-upon legal fee, and failed to properly maintain and preserve the money intact in his escrow account.

Mr. Corrigan acknowledges that he cannot successfully defend himself on the merits against any disciplinary charges that would be initiated by the Grievance Committee based upon these facts.

Mr. Corrigan avers that his resignation is freely and voluntarily rendered and that he has not been subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney, Harvey B. Besunder, as well as others whose advice and counsel he respects. Mr. Corrigan is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years.

Mr. Corrigan's resignation is submitted subject to an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation. In addition, both Mr. Corrigan's counsel and Grievance Counsel note that Mr. Corrigan has ceased the practice of law. The Lawyer Assistance Foundation of the Suffolk County Bar Association, through its managing director,

David H. Besso (former Chair of the Grievance Counsel for the Tenth Judicial District), is willing to assist Mr. Corrigan and his clients by acting as conservator with respect to the remaining matters in Mr. Corrigan's practice. As Mr. Corrigan is not maintaining a law office or currently practicing law and has no back-up or support staff, he submits that it would be impractical to continue with concluding any of the matters prior to the time his resignation takes effect. Toward that end, Mr. Corrigan consents for the Lawyer Assistance Foundation to act as conservator of the files, to collect the files, and to take any measures necessary to assure that the clients are protected and served. He will cooperate with the Committee and the Foundation in furtherance of the above.

As the proffered resignation comports with all appropriate Court rules, it is accepted, Mr. Corrigan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately. On the consent of the parties, David H. Besso is appointed conservator to inventory Mr. Corrigan's files, pursuant to 22 NYCRR 691.10 (g).

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the resignation of John F. Corrigan is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John F. Corrigan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that John F. Corrigan shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John F. Corrigan is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that on the Court's own motion, pursuant to 22 NYCRR 691.10 (g), David H. Besso, managing director of the Lawyer Assistance Foundation of the Suffolk County Bar As-

sociation, 560 Wheeler Road, Hauppauge, New York 11788-4357, is appointed as conservator to inventory the respondent's files and to take such action as he deems to be proper and advisable to protect the interests of the respondent's clients and for the protection of the interests of the respondent, a disbarred attorney.